**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO WESTERN DIVISION (CINCINNATI)**

| | | |
|---|---|---|
| **SONNY MCCARTER, et al.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**BASF CORPORATION, et al.,**<br><br>**Defendants.** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **Case No. 1:15-cv-00602-WOB**<br><br>**Judge William O. Bertelsman**<br><br><br>**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER** |

---

Defendant BASF Corporation ("BASF") and Plaintiffs Sonny McCarter and Susie McCarter (the "McCarters") are in agreement and the Court concurs that good cause exists for the entry of a Stipulated Confidentiality and Protective Order ("Protective Order") in the above captioned case ("Lawsuit") to protect the confidentiality of documents, testimony and information produced during the course of discovery and that may be used in the context of this Lawsuit, including, but not limited to, confidential and proprietary information, the disclosure of which could harm a party's interests. Upon consideration of the parties' Joint Motion For A Stipulated Protective Order, IT IS HEREBY ORDERED as follows:

1. This Protective Order governs all documents and information produced at any time during the pendency of this Lawsuit, including any documents and information produced prior to the entry of this Protective Order, by any party or non-party, which is subject to any type of subpoena, or called to testify at trial or any hearing in this Lawsuit.

2. As used herein, the words "document" and "documents" include anything provided for under the Federal Rules of Civil Procedure, specifically including Fed. R. Civ. P.

34, and complete or partial summaries prepared therefrom, or any deposition transcript or exhibit thereto.

3. As used herein, the terms "filing" and "filings" include any brief, memorandum or other writing or thing filed with or submitted to the Court or served upon a party, including any interrogatory answer, response to a request for admission, response to a request for production of documents or any exhibit thereto.

4. A document, filing, answer to written interrogatory, response to request for production of documents, response to request for admission or testimony may be designated by the producing party as "confidential" if it contains nonpublic information of competitively sensitive, proprietary, financial, trade secret, sensitive, confidential or otherwise secret nature. To facilitate the use of discoverable non-confidential information and to lessen administrative burdens, a "confidential" designation shall be used selectively and in good faith. Material designated as "confidential" may be disclosed and used only as set forth in paragraph 12 below.

5. With respect to anything produced by a producing party, a "confidential" designation shall be made by the producing party providing the information at the time of production (or as may be agreed to by the parties), by marking or designating by description the information as "confidential." Any answer to interrogatories, response to requests for production of documents or response to requests for admission (or any portion thereof) that constitutes or contains "confidential" information shall be labeled or marked with the appropriate foregoing legend by the producing party. With respect to deposition testimony, no later than at the time of the deposition examination or within thirty (30) days of receipt of the transcript, parties and deponents may designate all or portions of the testimony and exhibits to the deposition as "confidential." Documents that are used as exhibits already designated as "confidential" shall

continue to be handled in accordance with that level of confidentiality throughout this Lawsuit. Post-deposition designation shall be specific by page and exhibit.

6. If the receiving party, exercising good faith, disagrees with the producing party's designation, the receiving party, within twenty (20) days of his receipt of such material, shall request in writing that producing party redesignate the material. The producing party shall then either affirm the designation or redesignate the material within ten (10) business days after receipt of the request to redesignate. Should the producing party and receiving party continue to disagree on the status of material for ten (10) days after the producing party has had the opportunity to affirm or redesignate the material's status, then the receiving party may file a motion for an in camera review of the material by the Court. The producing party has the burden of demonstrating that the material is entitled to its designated status. Unless and until this Court enters an Order to the contrary, the material shall be treated as "confidential" in accordance with its designation. Upon receipt of redesignated material from the producing party, the receiving party shall return the original material to the producing party or destroy it.

7. "Confidential" material may only be used by a party at a hearing or trial of this Lawsuit subject to the rules of evidence and the requirements of this Protective Order, and such other order as the Court may enter. This Protective Order does not authorize filing under seal. Should any party wish to file documents designated "confidential" under seal, then, pursuant to *Proctor and Gamble v. Bankers Life Co.*, 78 F.3d 219 (6th Cir. 1996), the party shall file a motion showing good cause and the legal basis for the sealing of such documents. Upon the entry of an order granting the motion, the documents shall be submitted to the Court under seal.

8. When a producing party has designated anything as "confidential" and when a producing party makes a filing under seal pursuant to paragraph 7, the receiving party must

protect the confidential status of the designated materials. Accordingly, when the producing party has made a "confidential" designation and/or filed material under seal, the receiving party shall file under seal any attachments or exhibits that disclose designated confidential information. When the producing party has made a filing under seal, the receiving party shall treat its service copy as "confidential."

9. (a) If a party through inadvertence produces or provides discovery that it believes is subject to a claim of attorney-client privilege or work-product immunity, the producing party may give written notice to the receiving party or parties that the document is subject to a claim of attorney-client privilege or work-product immunity and request that the document be returned to the producing party. The receiving party or parties shall return to the producing party such document. Return of the document by the receiving party to the producing party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege or work-product immunity, nor shall it foreclose the would-be receiving party from moving the Court for an order that such document has been improperly designated as subject to a claim of privilege or immunity or should be produced for other reasons than a waiver caused by the inadvertent production.

(b) If a producing party through inadvertence produces anything or provides discovery of any "confidential" document, testimony or information without designating it "confidential" as provided in paragraph 4 of this Protective Order, the producing party may give written notice to the receiving party or parties that it believes the document, testimony or information is "confidential." The parties will then attempt, in good faith, to resolve the issues of whether the document, testimony or information is confidential. If an agreement cannot be

reached between counsel, a written motion may be made to this Court for the document, testimony or information to be covered by a protective order. From the time the receiving party receives the written notice that the producing party believes the document, testimony or information is "confidential" through the resolution of the issue through mutual agreement or by the Court, the receiving party will treat the information as "confidential." Disclosure of such documents, testimony or information prior to receipt of such notice to persons not authorized to receive "confidential" information shall not be deemed a violation of this Protective Order; however, the receiving party or parties are to take reasonable steps, where possible, to advise those persons to whom disclosure was made that the material disclosed is "confidential" and must be treated in accordance with this Protective Order.

10. Nothing in this Protective Order shall be construed to prevent any receiving party from objecting to any "confidential" designation made by a producing party. The objecting receiving party shall seek to reach agreement with the producing party to withdraw the confidential designation; if agreement cannot be reached between counsel, a written motion may be made to this Court for an order removing the designation. The party asserting that a document is "confidential" has the burden of proof to show the document is "confidential" as defined herein.

11. Anything designated as "confidential" to which an objection has been made shall not be disclosed in any manner inconsistent with this Protective Order until such matter has been resolved by agreement of the parties or ruled on by the Court.

12. Anything designated as "confidential" by a producing party may be inspected by and disclosed only to the following persons associated with the receiving party and only for the purpose of conducting this litigation:

(a) counsel for the receiving party in this litigation who have entered an appearance in this action, and employees of such counsel required to work on the case, including other attorneys who are members of, or associated with, the law firm of counsel who have entered an appearance in this action;

(b) any expert or consultant retained by the receiving party or at the request of counsel described in paragraph 12 (a) to consult on or testify in this litigation;

(c) employees and agents of any receiving party to whom it is deemed necessary that confidential information be shown for purposes of this Lawsuit;

(d) the Court and any of its personnel, including court reporters who are performing their official duties;

(e) any mediator to this Lawsuit and his or her personnel;

(f) any other person who may be specifically approved by written consent of counsel for the producing party to receive confidential information or approved by Court order.

13. Any person who makes any disclosure under this Protective Order of anything designated "confidential" shall advise each person to whom such disclosure is made of the terms of this Protective Order. The persons described in paragraph 12 are enjoined from disclosing "confidential" documents and information to any other person except in conformance with this Protective Order. The persons described in paragraphs 12 (b), (c) and (f) above shall execute a copy of the agreement attached as Exhibit A to this Protective Order.

14. Nothing contained in this Protective Order shall be construed to limit any party's rights to use in any way any "confidential" material provided, however, that any "confidential" information so used shall not lose its confidentiality status through such use and its confidentiality status shall be protected in conformance with this Protective Order. Any party may request that the Court receive designated evidence *in camera* or under other conditions to prevent disclosure.

15. Any producing party who has designated any material as "confidential" pursuant to this Protective Order, or who has made a filing under seal, may consent that the confidentiality status of such document, testimony, or filing be removed or modified by written notification to counsel for the receiving party or by statements on the record at any hearing or deposition. These shall be the only methods by which such consent may be manifested.

16. Nothing herein shall prohibit the confidential disclosure of any "confidential" material to comply with a court order in an action other than this action wherein the order specifically directs the disclosure of such information. Prior to any such disclosure pursuant to a court order, the receiving party required by the court order to disclose the information shall provide ten (10) days' notice to the producing party who provided the confidential information and shall identify and provide copies of the confidential information required to be produced by the court order to the producing party who provided such information. If the court order is such that ten (10) days' notice is not possible, then the receiving party required to make the disclosure shall provide the earliest practicable notice to the producing party.

17. All confidential materials shall be returned to the producing party upon the conclusion of this Lawsuit (or, with written permission by the producing party, destroyed). The "conclusion" of this Lawsuit means, as to the parties, forty-five (45) days following the completion of this Lawsuit, whether by the entry of judgment and the exhaustion of (or expiration of time for) appeal rights or as may be determined by the Court. Upon the conclusion of this Lawsuit, the parties shall agree on a procedure to facilitate the return or destruction of confidential materials. Counsel for the parties required to destroy or return confidential materials to a producing party shall provide a certification in writing to the producing party stating that said counsel has made all reasonable efforts to retrieve any confidential materials subject to this

Protective Order and that all such documents, testimony or information have been returned or destroyed, or if not, provide a description of the circumstances relating to any confidential materials not destroyed. Outside counsel for the parties shall be entitled to retain deposition and trial transcripts and attorney work product, including confidential material, provided that such outside counsel shall not disclose such transcripts or work product to any person except pursuant to a court order or agreement with the producing party. The Clerk of the Court shall maintain under seal all documents filed under seal until the Court orders otherwise.

18. Nothing herein shall prevent any party, on notice to all other parties, from applying to the Court for a higher level of protection for any particular document or information. Nor shall anything herein prevent any party, on notice to all other parties, from applying to the Court for a modification of this Order.

19. All parties hereto agree to be bound by the provisions of this Protective Order upon execution thereof by an authorized representative or their counsel.

APPROVED:

Karen L. Litkovitz
~~Judge William O. Bertelsman~~
U. S. Magistrate Judge

Submitted by:

/s/ Jesse Jenike-Godshalk
Timothy Coughlin (#0019483)
Jesse Jenike-Godshalk (#0087964)
Jamar T. King (#0091093)
THOMPSON HINE LLP
312 Walnut Street
Suite 1400
Cincinnati, Ohio 45342
Telephone: (513) 352-6702

Fax: (513) 241-4771
Tim.Coughlin@ThompsonHine.com
Jesse.Jenike-Godshalk@ThompsonHine.com
Jamar.King@ThompsonHine.com

*Attorneys for Defendant BASF Corporation*

*/s/ Meagan L. Tate*
Meagan L. Tate, Esq.
Trial Attorneys for Plaintiff
Law Offices of Blake R. Maislin, LLC
2260 Francis Lane
Cincinnati, Ohio 45206
(513) 444-4444
(513) 721-5557 (FAX)
E-mail: mtate@maislinlaw.com

*Attorneys for Plaintiffs Sonny McCarter and Susie McCarter*

EXHIBIT A

AGREEMENT RE: PROTECTIVE ORDER

1. I am aware that a Stipulated Confidentiality and Protective Order ("Protective Order") dated ________________, 2016, has been entered by the United States District Court for the Southern District of Ohio in the lawsuit captioned *McCarter, et al. v. BASF Corporation, et al.*, Case No. 1:15-cv-00602-WOB. I have been provided with a copy of that Protective Order, and I have read and understand the prohibitions of the Order.

2. I covenant and agree that I will use any confidential materials given to me only in connection with my work in the above-referenced lawsuit and that I will not under any circumstances disclose or discuss such confidential documents and information to anyone other than the persons identified in paragraph 12 of the Protective Order.

Dated: ______________________ Signed: ______________________________

______________________________
[Print Name]

______________________________

______________________________
Address

**CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Meagan L. Tate, Esq.
Trial Attorneys for Plaintiff
Law Offices of Blake R. Maislin, LLC
2260 Francis Lane
Cincinnati, Ohio 45206
(513) 444-4444
(513) 721-5557 (FAX)
E-mail: mtate@maislinlaw.com

*/s/ Jesse Jenike-Godshalk*
Counsel